### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| LORENZO HAWES, | : | PRISONER ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNNAMED DEFENDANT, | : | CIVIL ACTION NO. |
|     Defendant. | : | 1:13-CV-2903-TWT-JFK |

**UNITED STATES MAGISTRATE JUDGE'S ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Plaintiff, Lorenzo Hawes, confined in Georgia State Prison in Reidsville, Georgia, has submitted a *pro se* letter/complaint. For the purpose of dismissal, Plaintiff is **GRANTED** *in forma pauperis* status, and the matter is before the Court on the complaint, as amended, (Docs. 1, 2), for screening under 28 U.S.C. § 1915A.

**I.      28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091,

1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Plaintiffs must plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Resnick v. AvMed, Inc., 693 F.3d 1317, 1324-25 (11th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level," and "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atl. Corp., 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants

this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

## II.   Discussion

Plaintiff asserts that another prisoner (1) is "in [his] thoughts" via a cell phone that is connected to an outside computer, (2) has a "piece that tries to brainwash [Plaintiff] and a piece that he uses to airwash my vibes to keep me off point[,]" and (3) is causing him "problems on the inside of [his] body[.]"  (Doc. 1; see also Doc. 2). In his letter/complaint submitted to this Court, Plaintiff requests – "hurry up and go and get this guy[.]"  (Doc. 1).  Plaintiff's amended letter/complaint contains similar allegations.  (Doc. 2).

The undersigned finds that Plaintiff's allegations of brainwashing via the use of a cell phone are factually frivolous and that dismissal is warranted.  See Denton, 504 U.S. at 32-33 ('[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' . . . a category encompassing allegations that are 'fanciful,' . . . 'fantastic,' . . . and 'delusional,' . . . . As those words suggest, a finding

3

of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." (citations omitted)); Qamar v. C.I.A., 489 F. App'x 393, 395 (11th Cir. 2012) ("The district court did not abuse its discretion when it dismissed as frivolous Qamar's complaints involving enhanced interrogation, torture, rape, the administration and false planting of drugs, and the admission of non-authorized individuals inside the jail." (citing Denton)), cert. denied, _ U.S. _, 133 S. Ct. 942 (2013).

### III.  Conclusion

**IT IS ORDERED** that, for the purpose of dismissal, Plaintiff is **GRANTED** *in forma pauperis* status.

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** as frivolous.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO DIRECTED and RECOMMENDED** this 9th day of September, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE